JEREMIAH ALLEN *et ux. versus* LUTHER KINGSBURY.

Where an instrument making partition of a parcel of land, described the dividing line as running from one landmark to another, without referring to any intermediate monument or to any bevel or curve line, it was *held*, that the dividing line must be deemed to be a straight line ; and that parol evidence to show that a curve line was intended, was inadmissible.

An action of trespass for cutting trees on land held by husband and wife in right of the wife, may be brought by the husband alone, or by the husband and wife jointly, at his election.

TRESPASS *quare clausum fregit*, for cutting trees on land in Needham, of which the plaintiffs claimed to be seised in right of the wife.   The defendant pleaded the general issue. The question was upon the title of the plaintiffs.

At the trial, before *Shaw* C. J., it appeared, that the wife was the daughter of Joseph Kingsbury, deceased ; that, by a probate decree and warrant, a certain tract of land was set off to the widow of the deceased, as her dower ; and that subsequently, by another probate decree and warrant, the residue of the real estate of the deceased was divided among his heirs.

The commissioners appointed to set off the widow's dower, in their return, after defining various boundaries, described one of the lines as follows : " thence " (from an oak tree marked) " on the heirs of Joseph Kingsbury, to another oak tree marked " ; and by the return of the commissioners appointed to make partition among the heirs, the purparty of Mrs. Allen was " bounded easterly and southerly on land set off to the widow of the deceased."

The land was covered with wood when the dower was set off, and the deceased owned the land to some distance on both sides of the line between the two oak trees.

The plaintiffs contended, that the line between the oak trees must be deemed to be a straight line.   The defendant contended that it was a line curving to the west and thus including the *locus* in the land set off to the widow as her dower, and marked by six small monuments consisting of stakes and stones, which were placed there at some period antecedent to the time when the dower was set off, and for some purpose not known or explained.

Allen
v.
Kingsbury.

The defendant thereupon offered evidence to prove, that there was a marked difference in the size of the wood growing upon the easterly and upon the westerly side of this curved line, at the time when the dower was set off, and also when the purparty of the plaintiffs was set off ; that the commission-- ers in both instances intended to conform to the curved line ; that Allen sold the wood in 1827 or 1828, up to the curved line only, and had said recently, that he did not then suppose that he owned east of the curved line ; that the widow and her lessees, until 1830, occupied up to the curved line ; and that. one of the commissioners, who set off the purparty of the plaintiffs, went with Allen over the curved line, and pointed out the monuments thereon, as the line which the commission- ers intended to designate in their report.

This evidence was rejected by the Court, and it was ruled, that under these circumstances the line described in the return of the commissioners appointed to set off the dower of the widow, as extending between the oak trees, must be deemed to be a straight line ; that as there was no reference to monu- ments or other extraneous matter for explanation, and no latent ambiguity, parol evidence was not admissible to prove that a different line between the same points was marked by old monuments or otherwise, or that the commissioners in- tended a different line, or that the parties supposed or under- stood that a different line was the true line between them ; and that where the dower is first set off, and afterwards, upon a partition of the real estate among the heirs, the purparty of one of the heirs is bounded on the land set off to the widow, the dower land becomes a monument fixing the line of such purparty on that side, so that if the line of the dower land is determined to be a straight line, that of the purparty of the heir coincides with it.

Whereupon a verdict was taken for the plaintiff, for the sum of $67·50 damages, which was to be subject to the opinion of the Court upon these rulings, in point of law, and upon the question whether the action was rightly brought in the joint names of the husband and wife.

Oct. 28th.      *Metcalf*, for the defendant.   This is a case of first impres- sion, and must therefore be decided upon principle.   Cases

may be easily supposed, where these rulings would be clearly erroneous ; if, for instance, land situated on the banks of a large river, is described as bounded by a line from one point on the bank of the river to another, the line of the stream would be the true boundary. The present case, however, is not so strong.

The parol evidence was admissible to show, that the line between the oak trees was not intended to be a straight line. It was not offered to contradict the return of the commissioners, but to *explain* a latent ambiguity. *Thomson* v. *White*, 1 Dallas, 426 ; *O'Harra* v. *Hall*, 4 Dallas, 340 ; *M'Dermot* v. *United States Ins. Co.* 3 Serg. & R. 609. In *Doe* v. *Burt*, 1 T. R. 701, where a certain messuage was demised, parol evidence was admitted to show, that a cellar under the yard was not parcel of the messuage. So parol evidence is admissible to correct a mistake ; 3 Stark. on Evid. 1018 ; *Middleton* v. *Perry*, 2 Bay, 539 ; *White* v. *Eagan*, 1 Bay, 247 ; particularly where there is no court of chancery to grant relief. Natural or reputed boundaries, or lines actually run, have been held to prevail over courses and distances. *Dogan* v. *Seekright*, 4 Hen. and Munf. 125 ; *Herbert* v. *Wise*, 3 Call, 239 ; *Bradford* v. *Hill*, 1 Haywood, 22 ; *Standen* v. *Bains*, 1 Haywood, 238 ; *Anonymous* v. *Beatty*, 1 Haywood, 377 ; *Matthews's Lessee* v. *Thompson*, 3 Hammond's (Ohio) R. 272. So, evidence of the practical construction by the parties is admissible to remove doubt as to boundary and extent. *Adams* v. *Frothingham*, 3 Mass. R. 362 ; *Codman* v. *Winslow*, 10 Mass. R. 149 ; *Weld* v. *Hornby*, 7 East, 199.

The action is not rightly brought in the joint names of the husband and wife. 1 Roll. Abr. 347, *l.* 40 ; 4 Viner's Abr. 71 ; 1 Lilly's Abr. 226 ; Com. Dig. *Baron and Feme, W*, and cases cited ; *Arundel* v. *Short*, Cro. Eliz. 133 ; *Costrell* v. *Moore*, Hetley, 143 ; S. C. Littleton, 285 ; *Bright* v. *Addy*, 2 Ventr. 195. Besides, no cause for joining the wife is set forth. *Abbot* v. *Blofield*, Cro. Jac. 644 ; *Serres* v. *Dodd*, 5 Bos. & Pul. 405 ; *Staley* v. *Barhite*, 2 Caines's R 221.

*Richardson*, for the plaintiffs, to the point, that the parol evidence was not admissible, cited *Meres* v. *Ansell*, 3 Wilson,

275 ; 2 Saund. Pl. & Evid. 697 ; 3 Stark. on Evid. 994 to 1025 ; *Powell* v. *Edmunds*, 12 East, 6 ; *Paine* v. *M'Intier*, 1 Mass. R. 69 ; *Howe* v. *Bass*, 2 Mass. R. 380 ; *King* v. *King*, 7 Mass. R. 496 ; *Townsend* v. *Weld*, 8 Mass. R. 146 ; *Richards* v. *Dutch*, 8 Mass. R. 506 ; *Leland* v. *Stone*, 10 Mass. R. 459 ; *Comstock* v. *Van Deusen*, 5 Pick. 163 ; *Farrar* v. *Ayres*, 5 Pick. 404 ; *Locke* v. *Whiting*, 10 Pick. 279 ; *Spring* v. *Lovett*, 11 Pick. 417 ; *Dwight* v. *Pomeroy*, 17 Mass. R. 303 ; and to the point, that the wife was properly joined, he cited Com. Dig. *Baron and Feme, X ;* 2 Saund. Pl. & Evid. 567, 568 ; *Peters* v. *Rose*, Palmer, 313; 1 Roll. Abr. 348 ; *Bright* v. *Addy*, 2 Ventr. 195 ; *Baker* v. *Brereman*, Cro. Car. 419 ; *Fenner* v. *Plasket*, Cro. Eliz. 459 ; *Willy* v. *Thompson*, Bunbury, 277 ; *Dunstan* v. *Burwell*, 1 Wils. 224 ; *Weller* v. *Baker*, 2 Wils. 414 ; *Tregmiell* v *Reeve*, Cro. Car. 438.

WILDE J. delivered the opinion of the Court. This is an action of trespass *quare clausum fregit* ; and the principal question is, whether the *locus in quo* was included within the limits of the plaintiffs' lot. It appeared at the trial, that this lot was held by the plaintiffs in right of the wife, under an assignment to her, as her share in the estate of Joseph Kingsbury, her father, and was bounded easterly and southerly on land set off to the widow of Joseph Kingsbury. This dividing line is described in the report of the commissioners appointed to set off the widow's dower. After giving various boundaries, they proceed as follows : " to an oak tree marked, thence, on the heirs of Joseph Kingsbury, to another oak tree marked." It was ruled at the trial, that this line from tree to tree was to be considered as a straight line ; and as there was no reference to any intermediate monument, or other extraneous matter for explanation, and no latent ambiguity, parol evidence was not admissible to prove that a different line between the two parts was marked by old monuments, or that the commissioners intended a different line, or that the parties supposed that a different line was the true line between them. This decision of the court at the trial, we consider as in all respects correct. No other construction could be given to the return of the commissioners. When a line is given in

any deed or other instrument of conveyance, to be run from one landmark to another, it is a necessary inference, that a straight line is to be run from one of the *termini* to the other, and without regard to the correspondence of either course or distance, unless a different line is described in the deed or instrument of conveyance. *Dogan* v. *Seekright*, 4 Hen. & Munf. 125. The construction of the return of the commissioners was therefore manifestly correct, if the parol evidence was rightly rejected, and we are of opinion that it was. As to the old monuments, they were not referred to in the return of the commissioners, and it appears by the report, that they were not erected at the time the dower was set off, but at some antecedent period, and for some purpose not known or explained. Any evidence therefore respecting them would have been irrelevant, and might have served to mislead the jury.

Nor was parol evidence admissible to show, that the commissioners meant to conform to the curved line marked by the old monuments. The meaning of the return, there being no latent ambiguity in it, must be ascertained by its language, and it would be a dangerous precedent, and in violation of a well known rule of evidence, to allow it to be varied, explained, or controlled by parol evidence. The other part of the parol evidence might be admissible to ascertain a doubtful line. It was offered to be proved, that the plaintiff, Allen, in 1827 or 1828, sold the wood up to the curved line, and had said recently, that he did not then suppose he owned east of it. This evidence, we think, was not admissible, because the line in question was conclusively established by the return of the commissioners; and no parol evidence of this or any other description, can be allowed to control or substantially to vary the construction of the return. The same rule applies to the returns of sheriffs and other officers. Evidence of usage or possession is never to be received to overturn the clear words of a deed or other instrument of conveyance; and the acts and declarations of the parties are not admissible to show their understanding of the instrument. 2 Saund. Pl. & Evid. 697; *Clifton* v. *Walmesley*, 5 T. R. 564; *Rex* v. *Varlo*, Cowp. 248 *Meres* v. *Ansell*, 3 Wils. 276.

And furthermore, we are of opinion, that if the parol evi dence had been admitted, it would not have changed the con- struction of the commissioners' return, and would not have warranted the jury to limit the plaintiffs to the curved line. For if the commissioners intended that as the dividing line, it must have been because they supposed it to be a straight line. It cannot be presumed that they caused this line to be run, or they would have described it by the monuments. The in- ference therefore would remain strong, notwithstanding the parol evidence, that the line from tree to tree was intended to be a straight line, and that the quantity of land assigned to the widow was computed accordingly.

With regard to the objection, that the action is miscon- ceived, and that it should have been brought by the husband alone, we are of opinion, that this case falls within that class of cases, where the husband may sue alone, or join with his wife, at his election, as was decided in the case of *Clapp* v *Stoughton*, 10 Pick. 470.

*Judgment according to the verdict.*